IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **FILED UNDER SEAL** |
| v. | ) | |
| | ) | **HIGHLY SENSITIVE** |
| ALEKSEI YURIEVICH BURKOV, | ) | **DOCUMENT** |
| a/k/a Aleksey Yurevich Burkov, | ) | |
| | ) | Case No. 1:15-cr-245-TSE-1 |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO FORBES MEDIA LLC AND THOMAS
BREWSTER'S MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS**

In 2015, a grand jury indicted the defendant, Aleksei Burkov, for offenses related to his

operation of a website that sold stolen payment card data and his operation of an online forum

for elite cybercriminals.  The defendant was extradited to the United States in 2019, and in 2020,

he pleaded guilty to access device fraud and conspiracy to commit access device fraud, identity

theft, computer intrusions, wire fraud, and money laundering.  The defendant served a term of

imprisonment and has been released from the Bureau of Prisons.

Forbes Media LLC and its Associate Editor, Thomas Brewster (together, "Proposed

Intervenors"), have moved to intervene in this closed case and to unseal ten documents, asserting

an interest in "monitoring the government's use of the All Writs Act to obtain judicial orders

requiring third parties to provide technical assistance to the government."  Dkt No. 71 at 2.  The

documents at issue fall into three categories.  First, the Proposed Intervenors seek to unseal

documents related to the sealing and unsealing of the indictment and the superseding indictment:

Dkt Nos. 8, 9, 17, 18, and 23.  Second, the Proposed Intervenors seek to unseal an application

and two orders issued under the All Writs Act ("AWA"): Dkt Nos. 10, 11, and 12.  Third, the

Proposed Intervenors seek to unseal two filings entered after the defendant was extradited that

are unrelated to the AWA: Dkt Nos. 35 and 43.  The government does not object to the request to unseal the first two categories of documents.  However, for the reasons set forth below, the government maintains that the third category of documents must remain sealed.  Therefore, the Court should grant the Proposed Intervenors' request to unseal Dkt Nos. 8, 9, 10, 11, 12, 17, 18, and 23 and deny the request to unseal Dkt Nos. 35 and 43.

## ARGUMENT

I.   **The Government Does Not Oppose the Request to Unseal Dkt Nos. 8, 9, 10, 11, 12, 17, 18, and 23.**

The government does not object to unsealing the first two categories of documents.  First, the Proposed Intervenors seek to unseal three motions (Dkt Nos. 8, 17, and 23) and two orders (Dkt Nos. 9 and 18) related to the sealing and subsequent unsealing of the indictment and the superseding indictment.  Because the defendant has been arrested, convicted, and served a term of imprisonment, the government does not oppose the request to unseal these documents.  Second, the Proposed Intervenors seek to unseal the government's application (Dkt No. 10) and two orders issued under the AWA authorizing travel record production and contemporaneous account access (Dkt Nos. 11 and 12).  After reviewing these documents, the government does not object to unsealing these filings in this closed case.  The government does not believe that the entry of a final judgment and the defendant's release from imprisonment will always be dispositive as to whether unsealing AWA materials is appropriate.  However, on the facts of this case, the government believes that sealing is no longer necessary.

II.   **Dkt Nos. 35 and 43 Must Remain Sealed.**

The Court should deny the Proposed Intervenors' request to unseal the third category of documents, Dkt Nos. 35 and 43.  These documents, entered on November 18, 2019 and February 3, 2020, respectively, were filed after the defendant was extradited to the United States.  *See* Dkt

2

No. 19 (arrest warrant returned executed on Nov. 12, 2019).  These documents are unrelated to the AWA application and orders filed in November 2015, the asserted basis for the Proposed Intervenors' motion.  *See, e.g.*, Dkt No. 71 at 2.  Acknowledging that the "precise nature" of Dkt Nos. 35 and 43 is "unclear" from the docket, *id.* at 9, the Proposed Intervenors nonetheless maintain that the public has a right to access these documents.  Because courts regularly seal the type of information reflected in these documents, it should remain sealed here.





## **CONCLUSION**

The Court should grant the Proposed Intervenors' request to unseal Dkt Nos. 8, 9, 10, 11,

12, 17, 18, and 23 and deny the request to unseal Dkt Nos. 35 and 43.

Respectfully submitted,

Jessica D. Aber
United States Attorney


_____/s/_____
Jacqueline R. Bechara
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office:   (703) 299-3700
Fax:      (703) 299-3980
Email:   jacqueline.bechara@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 19, 2022, I will serve a copy of the foregoing response via email upon counsel for the defendant as follows:

Gregory E. Stambaugh
gregslaw@verizon.net

I further certify that on April 19, 2022, I will serve a redacted copy of the foregoing response, omitting the Highly Sensitive material, via email upon counsel for Forbes Media LLC and Thomas Brewster as follows:

Lin Weeks
lweeks@rcfp.org

By: _____/s/_____

Jacqueline R. Bechara
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office:   (703) 299-3700
Fax:      (703) 299-3980
Email:    jacqueline.bechara@usdoj.gov